UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

TIME INC., HEARST CORPORATION, ADVANCE
MAGAZINE PUBLISHERS INC., AMERICAN
MEDIA, INC., HACHETTE FILIPACCHI MEDIA
U.S., INC., THE McGRAW-HILL COMPANIES,
INC., NEWSWEEK, INC., SOURCE INTERLINK
MAGAZINES, LLC, REED BUSINESS
INFORMATION, A DIVISION OF REED
ELSEVIER INC., VARIETY, INC., REED
ELSEVIER PROPERTIES INC., BONNIER
CORPORATION, ZIFF DAVIS PUBLISHING
HOLDINGS INC., FORBES LLC, REIMAN MEDIA
GROUP, INC., RD LARGE EDITION, INC., HOME
SERVICE PUBLICATIONS, INC. and READER'S
DIGEST LATINOAMERICA SA,

                     Plaintiffs,

                 - against -

DARREN ANDREW BUDD, SALVEO LIMITED,
CYBERNET COMMUNICATIONS, INC.,
SWITCHWORKS TECHNOLOGIES, INC.;
HAMIDULLA GHUMAL ABBAS, YOAV
SCHWARTZ, RICK ROSS and JOHN DOES 1-20,

                     Defendants.

------------------------------------------------------------- x

08 Civ. 7392 (WHP)

ECF CASE

## DECLARATION OF RENEE SIMONTON IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Renee Simonton, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am the President of Reed Elsevier Properties Inc. ("Company"), one of the plaintiffs in the within infringement action. I am fully familiar with the facts stated herein. I submit this declaration in support of plaintiffs' motion for a temporary restraining order and preliminary injunction enjoining and restraining defendants Darren Andrew Budd ("Budd"), Salveo Limited ("Salveo"), Cybernet Communications, Inc. ("Cybernet"), Switchworks Technologies, Inc. ("Switchworks"), Hamidulla Ghumal Abbas ("Abbas"), Yoav Schwartz

("Schwartz"), Rick Ross ("Ross") and John Does 1-20 (collectively, "Defendants") from infringing plaintiffs' copyrights, trademarks and trade dress.

2. Company is a Delaware corporation with its principal place of business at 1105 North Market St., Wilmington, DE 19801.

3. Company owns the trademarks of many well known magazines, including: *Variety*® and *Interior Design*®. *Variety*® and *Interior Design*® are both distributed in the United States (including in New York), Canada, and throughout the world.

4. The purpose of this declaration is to set forth factual information and exhibits relevant to this injunction motion.

**Mygazines.com Is Infringing Company's Trademarks**

5. I first became aware of the Mygazines.com website on or about July 31, 2008, at which time the website appeared to be fully populated with uniform, high-quality magazines. Without Company's knowledge, consent or authorization, Mygazines.com was displaying full text reproductions of numerous magazines whose trademarks are owned by Company.

6. Specifically, Company holds, among others, the following trademark registrations in connection with Variety and Interior Design magazines in the United States, and also holds numerous other registrations throughout the world:

    a.    *Interior Design:* registration no. 1911286 in International Class 16 for magazines;

    b.    *Variety:* registration no. 1350618 in International Class 16 for a weekly newspaper;

    c.    *Variety:* registration no. 2476922 in International Class 41 for computer services, namely, providing access to on-line interactive data bases in the field of entertainment;

    d. *Variety:* registration no. 2417890 in International Class 41 for computer services, namely, providing access to on-line interactive data bases in the field of entertainment; and

    e. *V <stylized>* [ *V* ]: registration no. 3078184 in International Class 16 for publications, namely, daily and weekly newspapers, magazines and magazines supplement relating the entertainment industry and to celebrities, and in International Class 41 for computer services, namely, providing on-line interactive data bases in the field of entertainment.

  7. Company is the owner of common law trademark rights in its magazine titles as well, based on its use of its marks in commerce over the period of many years, and the wide recognition of those marks by consumers as an indicator of the source of Company's products.

  8. In addition, Company has rights to the trade dress of its magazines. Each magazine has a distinctive cover with a stylized logo that functions as a source indicator to consumers, and is non-functional. Mygazines.com displays the cover of issues of Variety and Interior Design magazine on the website, infringing Company's trade dress in those covers.

  9. Company has not authorized or licensed defendants to post any trademarks from its magazines on the Mygazines.com website

  10. Indeed, Company's licensee operates a website for each of its titles, and offers some of the content available in the print editions of its magazines through those sites. Company and its affiliates earn revenue from their websites by, among other things, offering advertising space to advertisers in conjunction with Company's content. By offering the same content to consumers on its site, for free, Mygazines.com directly competes with Company's websites.

  11. Company's licensee affiliate also offers a digital edition of *Variety* magazine, produced by Olive Software, Inc., in much the same format as that offered by

Mygazines.com. This digital edition is made available by Company's licensee solely to paying subscribers who visit its website. For this reason, Mygazines.com also competes directly with Company's digital publication.

**Company Gave Defendants Notice of Their Infringing Activity**

12. On July 24, 2008, on behalf of Company, Company's licensee affiliate wrote to defendant Salveo, the registered owner of Mygazines.com, at the address listed on its domain registration and its email address, demanding that it cease and desist from providing works of Company or its affiliates to the public, in any form. Company and its affiliates did not receive any response from Salveo.

13. On July 24, 2008, Company's licensee affiliate wrote to defendant Cybernet at the address listed on its website, and to its email address, demanding that it immediately cease and desist from making any content or trademarks associated with Variety magazine available on Mygazines.com. Company and its affiliates did not receive any response from Cybernet.

**Defendants' Conduct is Causing Company Irreparable Harm**

14. This application is brought on by way of Order To Show Cause because expedited relief is necessary due to the irreparable harm Company is suffering and will suffer from defendants' continued infringement of Company's copyrights, trademarks and trade dress.

15. Defendants are engaging in wholesale theft and infringement of some of our Company's most valuable intellectual property. They are doing so blatantly, willfully and unrepentantly. Variety® is a daily publication for the entertainment industry which has been published since 1905. It is recognized as the bible of the entertainment industry, has developed global fame and goodwill over more than a century of publishing under the "Variety" name. Variety® is distributed in print in approximately 68 countries throughout the world and reaches

thousands of additional readers through its website, Variety.com. Interior Design® has, over more than 50 years of publishing, garnered worldwide recognition as a leading source of information for the interior design industry. It is distributed in print in approximately 81 countries throughout the world and reaches thousands of additional readers through its website, InteriorDesign.net. Intrinsic to the value and reputation of this magazine in the design community is Company's insistence on the highest quality of visual presentation, a value that is undermined by the substandard manner and context in which Defendants are displaying it. Our magazines are the product of the creative vision and hard work of scores of professionals, and require the investment of substantial sums of money. The success of our Company, and the livelihoods of numerous employees, depend on being able to reap the benefits of this hard work and investment. Defendants, with no creative or monetary investment at all in producing the magazines, have been unapologetically appropriating and distributing them for their own ends, in defiance of numerous demands to respect our intellectual property rights and cease making our magazines available on their website. Defendants' egregious conduct is causing irreparable damage to our goodwill, loss of market share and loss of subscription and advertising revenues.

**WHEREFORE**, for the foregoing reasons, together with those set forth in the accompanying summons and complaint, declaration of other plaintiffs, and memorandum of law, your deponent respectfully prays for a temporary restraining order and preliminary injunction enjoining and restraining defendants from distributing or displaying Company's magazines, and from inducing and encouraging its users to upload our content.

Dated: August 18, 2008

_____
Renee Simonton
President, Reed Elsevier Properties Inc.